# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:12-CR-80 |
| | § | |
| ELIZABETH ANN HARDIN | § | |

## REPORT AND RECOMMENDATION ON
## THE DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On October 16, 2012, the court ordered a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. (Docket No. 29.) The Defendant subsequently received an evaluation by Leslie Powers, Ph.D., Forensic Psychologist at the Federal Detention Center in Fort Worth, Texas. Dr. Powers evaluated the Defendant from November 6, 2012 through December 17, 2012.

The psychiatric report concludes that, in the opinion of Dr. Powers, the Defendant is mentally competent to stand trial. The report indicates there is no evidence to indicate that the Defendant suffers from a mental disorder that would substantially impair her present ability to understand the nature and consequences of the court proceedings against her, or her ability to properly assist counsel in her defense.

A competency hearing was conducted on January 16, 2013. At the hearing, the

Defendant appeared in court with counsel. Counsel for the Defendant did not present any objections to Dr. Powers' opinion on her competency. Neither party objected to the admissibility of the psychological report detailing the results and findings, therefore, the court admitted it into evidence under seal. Furthermore, both the Defendant and the Government agreed that she was competent to stand trial.

The undersigned therefore concludes that the Defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense. The Defendant has a rational and factual understanding of the proceeding against her, and has sufficient present ability to consult with her attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

## RECOMMENDATION

The court should find the Defendant competent to stand trial because she understands the nature and consequences of the proceeding against her and is able to assist in her defense. See 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from October 16, 2012 until the date on which the District Judge signs the order adopting this report and recommendation.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28

U.S.C. § 636(b)(1)(c); Fed R. Civ. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of January, 2013.

Zack Hawthorn
United States Magistrate Judge