|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:12-CR-80 |
| § | |
| ELIZABETH HARDIN § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Elizabeth Ann Hardin's ("Hardin") *pro se* letter motion (#51), wherein Hardin requests correction of the court's Judgment and Commitment Order to "cure inadvertence in the record." Having considered the motion, the record, and the applicable law, the court is of the opinion that Hardin's motion is without merit.

I.  Background

On August 6, 2007, Hardin pleaded guilty to three counts of forgery in Jefferson County Criminal District Court and was sentenced to a five-year term of imprisonment for each offense. According to her Presentence Investigation Report, Hardin was released on parole on August 18, 2011. While on parole, Hardin was arrested on June 21, 2012, in connection with a robbery earlier that day, and shortly thereafter, her parole was revoked for "using drugs, changing residence without permission, not reporting to the parole officer, and committing new offenses: Forgery, and four Robberies (including the instant offense)." Following her arrest, she admitted to robbing a bank and several stores in Orange and Beaumont, Texas.

On July 11, 2012, a federal grand jury in Beaumont, Texas, returned a single-count Indictment charging Hardin in Count One with Bank Robbery, in violation of 18 U.S.C. § 2113(a). The Indictment alleges that the bank robbery occurred on June 21, 2012. When Hardin was transferred into federal custody for disposition of the case, Hardin was serving the

term of imprisonment imposed after her parole was revoked in state court. On September 12, 2012, Hardin pleaded guilty pursuant to a non-binding plea agreement to Count One of the Indictment. On March 27, 2013, Hardin was sentenced by Judge Ron Clark to 100 months' imprisonment to be followed by 3 years of supervised release. After Hardin was sentenced in federal court for bank robbery, she was convicted in state court of two counts of robbery occurring on June 12 and 14, 2012, as well as two counts of forgery that both occurred on June 12, 2012.

On May 11, 2020, Hardin filed a motion to have the pending federal detainer against her released because she believed her federal sentence was ordered to run concurrently with her state sentence (#46). At the time, Hardin was in state custody with a projected release date of August 15, 2032. The motion was denied (#46). Hardin is currently serving her federal sentence at FMC Carswell in Fort Worth, Texas. Her projected release date is June 1, 2030.

On June 12, 2024, Hardin filed the pending motion requesting correction of the court's Judgment and Commitment Order to cure purported inadvertence in the record. Hardin maintains that during her sentencing hearing, the court pronounced that the federal sentence would run concurrently with any yet-to-be imposed state sentence for relevant conduct. The Judgment and Commitment Order does not state whether her federal and state sentences are to be served concurrently or consecutively. Hardin relies on Rule 36 of the Federal Rules of Criminal Procedure in her motion and requests the correction of the written record to conform with the alleged verbal pronouncement at her sentencing hearing.

II.   Analysis

Rule 36 of the Federal Rules of Criminal Procedure states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order,

or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36; *see United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023). "[T]he purpose of Rule 36 is 'only to correct mindless and mechanistic mistakes.'" *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (quoting *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016)); *accord United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014); *United States v. Phillips*, No. 13-286, 2022 WL 17415077, at *2 (E.D. La. Dec. 5, 2022). "A clerical error occurs when the court intends to do one thing, but through clerical mistake or oversight does another." *United States v. Hathorn*, 551 F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)). "'Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under' Rule 36." *Cooper*, 979 F.3d at 1089 (quoting *Ramirez-Gonzalez*, 840 F.3d at 247). "Rule 36 does not cover deliberate drafting choices." *Id.*; *Ramirez-Gonzalez*, 840 F.3d at 247.

Similarly, "Rule 36 does not encompass sentence modifications." *Willis*, 76 F.4th at 472 (quoting *United States v. Lopez*, 26 F.3d 512, 515 n.5 (5th Cir. 1994)). Hence, Rule 36 may not be used to make a substantive alteration to a criminal sentence. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015); *United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008); *Phillips*, 2022 WL 17415077, at *2. Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correct[ion] of 'errors made by the court itself.'" *Phillips*, 2022 WL 17415077, at *2 (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)); *accord United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993); *United States v. Middleton*, No. 6:16-56-s-9, 2022 WL 15089909, at *2 (S.D. Tex. Oct. 25, 2022). "Rule 36 may

not be used to alter final judgments to conform to intended consequences regarding prior custody credits." *Middleton*, 2022 WL 15089909, at *2 (citing *Werber*, 51 F.3d at 343). "Indeed, '[c]ourts have consistently rejected attempts to invoke Rule 36 as a *post hoc* justification to shorten a sentence under U.S.S.G. § 5G1.3 or § 5K2.23.'" *Middleton*, 2022 WL 15089909, at *2.

Thus, Rule 36 is an "appropriate vehicle for changes that do not substantively alter the orally announced sentence but instead correct errors in the written judgment." *Illies*, 805 F.3d at 610 (citing *Spencer*, 513 F.3d at 491-92); *accord United States v. Bernardez-Avila*, 613 F. App'x 440, 440 (5th Cir. 2015). "If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *United States v. Baez-Adriano*, 74 F.4th 292, 298 (5th Cir. 2023) (citing *United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020)); *accord United States v. Harris*, 960 F.3d 689, 696 (5th Cir. 2020); *see United States v. Brock*, 797 F. App'x 179, 180 (5th Cir. 2020) (quoting *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)); *United States v. Ivy*, 735 F. App'x 151, 151 (5th Cir. 2018). In contrast, when the written judgment accurately reflects the court's oral pronouncement at sentencing the court has no authority to correct the defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *Middleton*, 2022 WL 15089909, at *2 (citing *United States v. Castro*, No. C-99-289, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011)); *see United States v. Roth*, 359 F. App'x 453, 454-55 (5th Cir. 2009) (denying motion under Rule 36 where the judgment is consistent with the court's verbal explanation of the sentence and does not contradict anything that the judge said at the sentencing hearing).

In the case at bar, Hardin has not shown the existence of a clerical error in the Judgment and Commitment Order resulting from an act of inadvertence, either through clerical mistake or

oversight. The record reflects that Judge Clark considered the request to have Hardin's federal and state sentences run concurrently, but he refrained from issuing a decision on the matter. Rather, Judge Clark stated that he would allow the state judge to determine what the appropriate addition of sentencing time would be, if any, and whether the federal and state sentences should run consecutively or concurrently. The transcript of the sentencing hearing reveals that Judge Clark orally imposed a sentence of 100 months. Then, he made the following pronouncement: "I will not express an opinion or make them concurrent. . . . I am not going to state that these sentences will run concurrent. I won't state that they should run consecutive. I'm going to impose a sentence and leave it up to the State Judge to figure out what would be the appropriate addition, if any, of any time that is needed." Hence, Hardin's recollection of the sentencing hearing is inaccurate. The Judgment accurately reflects the oral pronouncement at the sentencing hearing, with the Judgment stating that Hardin was convicted of Count One, "Bank Robbery," and sentenced to 100 months' imprisonment. Hardin has not shown that there is a discrepancy between the oral pronouncement and the written judgment. Therefore, the court has no authority to correct Hardin's sentence pursuant to Federal Rule of Criminal Procedure 36, as there is nothing to correct.

Moreover, Hardin has been well aware since at least June 2020 that her federal and state sentences did not run concurrently. In this court's order denying Hardin prior *pro se* letter motion to remove the federal detainer against her (#45) signed May 27, 2020, the court pointed out, "Because Defendant's federal sentence was imposed independently from her state sentence and the court's judgment does not specify otherwise, Defendant's federal sentence is deemed to run consecutively to her state sentence." (#46). The court specifically held that "to the extent

5

Defendant is requesting that the court order her federal sentence to run concurrently with her state sentences, the request is denied."

III.    Conclusion

Consistent with the foregoing analysis, Hardin's *pro se* letter motion to correct the Judgment and Commitment Order (#51) is DENIED.

SIGNED at Beaumont, Texas, this 8th day of July, 2024.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE